**PARKSMITH CORP. et al.**

v.

**UNITED STATES.**

C.D. 4678;  Court Nos. 71–12–01923, 73–5–01231 and 73–12–03528.

United States Customs Court.

Dec. 17, 1976.

Serko & Simon, Jamaica, N.Y. (Gerald B. Horn, Jericho, N.Y., of counsel), for plaintiffs.

Rex E. Lee, Asst. Atty. Gen., Washington, D.C. (Saul Davis, Trial Atty., New York City), for defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

These actions, whose recent history has become a saga requiring a seventeen page appendix to recount,* are the subject of defendant's motion to dismiss for lack of jurisdiction.

I find in each case the nominal or ostensible plaintiff was not the party which brought the action to court although it *was* the party which made the entries, paid the duties and filed the protests. These actions were commenced by corporations which were purchasers of the assets and choses in action of the duty-paying corporation. It thus emerges that these actions were not commenced and are not being conducted by the party entitled to do so by law.

In Court No. 71–12–01923 the action was apparently started by Universal Marion Corp. (UMC) on December 1, 1971 with Parksmith Corp. (Parksmith) as the nominal plaintiff. The action was started more than two years after Parksmith's assets and choses in action had been sold to UMC and almost two years after Parksmith itself had been formally dissolved.

In 73–5–01231 and 73–12–03528 the actions were started by Enco National Corp. (ENCO) on May 16, 1973 and December 26, 1973 respectively, with UMC's Parksmith division as nominal plaintiff. In fact, UMC had sold the assets and choses in action of its Parksmith division to ENCO at the end of 1972, well before the commencement of the actions in court.

---

* Appendix to the memorandum in support of defendant's motion to dismiss.

The right of legal action against the United States to contest the denial of a protest and to obtain a refund of customs duties is not granted to a party lacking some direct connection to the customs transaction at issue. See, 28 U.S.C. § 1582(a), (c) in conjunction with 19 U.S.C. § 1514(b). No evidence has been offered which shows any direct involvement by UMC or ENCO in the customs transactions underlying the actions they started in court. In such circumstances they could not acquire the right of action solely by virtue of having purchased assets and choses in action.

Were this not enough, an obstacle to the prosecution of these claims exists in the form of the Assignment of Claims Act, 31 U.S.C. § 203, which, as a precedent to the valid assignment of a claim against the United States requires the existence of certain conditions and the performance of acts which are out of the question here. See, *Hager v. Swayne,* 149 U.S. 242, 13 S.Ct. 841, 37 L.Ed. 719 (1893).

For the reasons expressed above, it is

ORDERED, ADJUDGED AND DE-CREED that these actions are dismissed for lack of jurisdiction.